Taylor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The plea of fully administered, avers that the Defendant hath not, nor at the commencement of the suit, or at any time since has had, any goods or chattels which were of his intestate at the time of his decease, in his hands to be
 
 administered;
 
 and the replication to this plea puts in issue the question, whether the Defendant hath duly administered the assets up to the time of the plea pleaded — (1
 
 Saund.
 
 336.) The intestate died possessed of personal property to a greater amount than svas necessary to pay the Plaintiff’s debt, but this was
 
 *17
 
 taken 'away by a trespasser before the Defendant administered, and it appears that he has not demanded the property, nor made any effort to possess himself of it. The question then arises, whether such property is, in contemplation of law, a sets iu the hands of the administrator 1 The property which an intestate possesses at the time of his death, devolves on the administrator, who may bring trespass for an injury done to it, after the death of the intestate, and before administration. He may also bring trover though he never had possession, and the sum recovered shall be assets in his hands, the property in these cases drawing after it the possession by relation. When the law thus arms him with these remedies, and enables him to convert into actual and productive assets, every thing personal which the intestate had a right to, it would be incongruous that his own negligence, fraud or collusion, should furnish him with a defence against a creditor, who can only reach the assets through the administrator. The correct principle is, that all the Chattels of the intestate are assets, if tiie administrator by reasonable diligence might have possessed himself of them. Tins the Jury ought to have enquired into in the present case, hut that being excluded by the Court, there ought to be a new trial. s