Nash, C. J.
 

 The hill is filed for an account of a fishing co-partnership, entered into between the testator of the plaintiff, and the intestate of the defendant. The intestate died in 1842; the defendant administered upon his estate, .at May Term, 1842, of Gates County Court, and the hill was filed at Spring Term, in 1847. In his answer, the defendant states, that “more than two years elapsed, from the time of his qualification as administrator of the said Jethro SUilley, and .advertising as aforesaid, before the plaintiff
 
 *129
 
 'brought his suit, and he therefore prays the benefit of the .act of Assembly requiring all suits to be brought against the estates of deceased persons within two years from the time letters of administration may be granted to him.”
 

 The act pleaded is a full bar to the plaintiff’s claim, if the defendant has brought himself .within its protection.— The act requires that every executor and administrator shall, within
 
 two months
 
 after being Qualified, advertise, at the Court House of the County, where the deceased usually dwelt at the time of his death, and other places within the county, &c. The section following directs the executor or administrator to take copies of his. advertisements, and to exhibit them at the next Term of the County Court, succeeding their qualification, which .shall, if proved according to the act, be recorded by the clerk, under the order of the Court. The concluding clause in that -section authorises the executor or administrator to prove his compliance with the act in any other manner which may be deemed.competent by the Court. Rev. Stat. ch. 4. 6, sec. 16, 17. We think the defendant has entirely failed in bringing himself within the act. Mr. Parker fixes the time when he thinks he saw the advertisement sticking up at the Cross Roads in Scratch Hall, in the month of July or August. Mr. Hud-gins saw the advertisement sticking up at the Court House door in Gratesville, at August Court, 1842, and in- the same month at 'Norfleet’s mill. Mr. Norfleet saw the advertisement sticking up at Harvey’s gig shop, in the fall of 1842. Mr. Norfleet saw one sticking up at the Court House door • between the Courts of May and August. When asked to state the time when he saw it, he thinks it was soon after the sale of the perishable property, .and Mr. Doughtrey states, that the sale referred to by Mr. Norfleet was within .ten or fifteen days after the appointment of .the defendant as administrator. If it be admitted that the last two witnesses .bring the advertisement at the Court House door within the
 
 *130
 
 required time, still the act is not satisfied, for it must he advertised at other public places within the county, within the two months. All the advertisements at the other places were in August or in the fall of the year, or in July;- and if the latter, at what time the witnesses do not state. Where a party has it in his power to reduce his evidence-,, in such a case, to a record, and neglects to do so, but chooses to trust tovthe slippery memory of witnesses, he must not complain that he is held to strict proof of the fact. It is for him to
 
 establish
 
 the fact that he did advertise as-required by the act: failing in such proof, he fails in the defence made under the act. McLinn v. Macnamara, 2 Dev. and Bat. Eq. 82. The proofs do- not sustain the defence, and the act is no bar to the suit, and the plaintiff is entitled to an account..
 

 PER Curiam. There must be a reference to the master,, to state the account.