## MORISSEY v. HILL.

(Filed October 16, 1906).

*Executors and Administrators—Accounts Rejected—Counter-claim—Statute of Limitations.*

Where the defendant presented to the plaintiff an account for board and services rendered plaintiff's testator, and the same was rejected and not referred, and no action was commenced for the recovery thereof, and more than six months thereafter the defendant set up this demand as a counter-claim to an action instituted against him by the plaintiff, and to this counter-claim plaintiff pleaded the statute, Rev., sec. 93: *Held*, the counter-claim was barred, and this is true although the estate was solvent and still unadministered and although the general notice to creditors had not been published as required by sec. 39.

MORISSEY *v.* HILL..

ACTION by J. K. Morissey, executor of D. G. Morissey, against W. L. Hill, heard on appeal from justice of the peace, by *Judge James L. Webb* and a jury, at the February Term, 1906, of the Superior Court of DUPLIN, upon the following facts agreed upon by the plaintiff and defendant:

1. That D. G. Morissey died in June, 1901, and plaintiff qualified upon his estate immediately thereafter. That said executor has not filed his final account, and that said estate is not settled and is solvent.

2. That defendant is indebted to plaintiff in the sum of $200, with interest thereon at six per cent. from 11 March, 1901, evidenced by a certain due-bill.

3. That on 12 November, 1901, the defendant presented to the plaintiff an account for board and services rendered plaintiff's testator, amounting to $310, which said claim was rejected by the plaintiff on the same day.

4. That said claim was not referred or put in action by the said defendant, but on 13 February, 1904, plaintiff instituted an action against the defendant before J. H. Fonvielle, a justice of the peace, upon the due-bill aforesaid, and the defendant offered as a counter-claim upon the said trial the account referred to in the third paragraph hereof.

The defendant waived all of said account except $200, which he claims as an offset to plaintiff's due-bill. Plaintiff plead the six months' statute of limitations, under sec. 1427 of The Code. Revisal 1905, sec. 93. Upon these facts, the Judge below held that the defendant's counter-claim was barred under sec. 93 of the Revisal, and gave judgment for the amount of plaintiff's demand and interest due thereon; and from this judgment defendant excepted and appealed.

*Grady & Graham* for the plaintiff.
*H. L. Stevens* for the defendant.

HOKE, J., after stating the case: Revisal 1905, sec. 93, provides that when a claim is presented to and rejected by an

executor, administrator or collector, and not referred, as provided by a previous section, the claimant must, within six months after due notice of such rejection, or after some part of the debt becomes due, commence an action for the recovery thereof, or be forever barred from maintaining an action thereon. According to the facts agreed upon, defendant in person presented the claim—an account for board and services rendered the testator—to the executor on 12 November, 1901; and on that day same was rejected by the executor.

More than two years thereafter defendant endeavors to set up this demand as a counter-claim to an action instituted against him by the executor, and to this counter-claim plaintiff pleads the statute. We agree with his Honor that the counter-claim is clearly barred by sec. 93 of the Revisal, and the judgment in favor of the plaintiff must be affirmed. It is urged by defendant that as the estate is solvent and still unadministered, there is no good reason why defendant should be precluded from asserting his claim. But such a position cannot be allowed against the plain and imperative provision of the statute.

Under sec. 94 of the Revisal, a claimant who has not presented his claim within twelve months after general notice duly published, is allowed to assert his demand as against unadministered assets of the estate, and without cost against the administrator or executor. But even this privilege would seem to be shut off by sec. 41 of the Revisal if personal notice to exhibit his claim has been served on the creditor, and he fails to make such exhibit within six months. And so, when the claim is presented and rejected, action must be commenced within six months, or the claim is forever barred. It is the policy of the statute that these estates should be speedily settled, and a plain and express provision of law looking to this end cannot be disregarded or set aside because, in some exceptional case, it may shut off a righteous claim.

Again, it is insisted that the provisions of this section should not be enforced because it nowhere appears that the general notice provided for in sec. 39 of the Revisal has been given, and that the publication of this notice is necessary to the operation and enforcement of sec. 93.

We do not so understand or construe the law, nor do we see any such connection as that suggested between the two sections.

Section 39 of The Code, directing that a general notice shall be published, was enacted more for the protection of the executor, and is necessary to enable him to go on and administer the estate without regard to claims which are not presented within the year; but it has no necessary connection with sec. 93, which applies to claims which have been presented and rejected by executors.

The language of the statute is positive and explicit, and must be enforced in accordance with the plain meaning of its terms. A like construction has been placed on a statute substantially similar in other jurisdictions. *Benedict v. Haggin,* 2 Cal., 386.

There is no error, and the judgment below is
Affirmed.