WALLACE MEN'S WEAR, INC. (FORMERLY KNOWN AS COFFMAN-WALLACE, INC.) v. REID V. HARRIS AND MARY A. HARRIS

No. 757DC625

(Filed 17 December 1975)

1. **Accounts § 1— charge account — itemized statement — admissibility at trial**

   In an action to recover for credit purchases made from plaintiff's clothing store, an itemized statement of account was properly admitted into evidence, without regard to whether the statement was prepared contemporaneously with the purchase of the clothing, since defendant stipulated in the "order on Pretrial Conference" that the statement could be received into evidence if relevant and material.

2. **Accounts § 1; Husband and Wife § 3— charge account — wife as agent of husband in purchasing — sufficiency of evidence**

   In an action to recover for credit purchases made from plaintiff's clothing store, evidence was sufficient to withstand a motion for directed verdict where it tended to show that defendant and his wife agreed to accept plaintiff's offer of a charge account, it was defendant husband who stated to plaintiff that he and his wife would like to use the charge account, thus establishing the inference that defendant made his wife his agent to purchase clothes, purchases were made by the wife, and payment was due.

3. **Rules of Civil Procedure §§ 8, 15; Usury § 2— usury — failure to plead or raise in trial court — no consideration on appeal**

   Defendant may not contend on appeal that plaintiff was allowed to collect interest on his charge account at a usurious rate, since defendant did not raise the issue of usury in his pleadings or at trial.

APPEAL by defendant from *Harrell, Judge.* Judgment entered 2 April 1975 in District Court, NASH County. Heard in the Court of Appeals 12 November 1975.

Plaintiff instituted this action against defendants, Reid V. and Mary A. Harris, for credit purchases made from plaintiff's clothing store. Plaintiff alleged that various items of clothing had been sold pursuant to a contract with one or both defendants and that the defendants owe the plaintiff the price of the clothing plus interest.

Defendant Reid Harris answered and denied liability alleging that he had not purchased any of the clothing. Defendant alleged that if his wife had in fact made the purchases, she made them without his knowledge, consent, permission, approval, or authority. Defendant further alleged that the items purchased were luxury items and not necessities. Defendant Mary Harris

did not file an answer and a judgment was entered against her by default.

The case of plaintiff against Reid Harris was tried in District Court before Harrell, Judge, sitting without a jury. Plaintiff's evidence tended to establish that the defendant and Mrs. Harris visited plaintiff's store in October 1971. Plaintiff's president, William H. Wallace, informed defendant and Mrs. Harris that the store had charge account services that he would make available to them. None of the regular credit checks were made because plaintiff's president knew the defendant during their college days some ten years prior to the charges constituting the account sued on. Plaintiff's evidence further established that defendant's wife charged various items of clothing purchased at plaintiff's store pursuant to the charge plan. Plaintiff offered into evidence an "Itemized Statement of Account" which placed the value of the articles of clothing charged, in addition to interest, at $4,035.87.

Defendant testified that he and his wife became separated before October 28, 1971, the date of his wife's first credit purchase from plaintiff. Defendant further testified that his wife had ample clothing of good quality and that the purchases charged at plaintiff's store were made without his authorization or consent. Mr. Harris stated that he did not know that merchandise was charged to him by his wife until he received a statement of account following the institution of this action, and therefore he could not take any action to discourage the sale of the merchandise to his wife.

The trial court found that defendant Reid V. Harris agreed with plaintiff to pay for goods sold and delivered to Mary A. Harris. The court further found that the defendant had abandoned Mary Harris and that all goods sold to Mrs. Harris were necessities that she purchased as an "agent of necessity" of her husband. Judgment was entered for the plaintiff and defendant appealed to this Court.

*Battle, Winslow, Scott and Wiley, P.A., by Jasper L. Cummings, Jr., for plaintiff appellee.*

*Allsbrook, Benton, Knott, Allsbrook, and Crawford, by J. E. Knott, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] In his first assignment of error defendant contends that it was error to admit into evidence the plaintiff's itemized statement of account. He argues that the evidence is hearsay, and that the statement was not prepared contemporaneously with the purchase of the clothes and therefore does not come within the hearsay exception for business records. Plaintiff argues that the statement was timely prepared and therefore admissible.

We need not rule on whether the itemized statement was timely prepared in this case because the defendant stipulated in the "Order on Pretrial Conference" that it could be received into evidence if relevant and material. Stipulations duly entered during the course of a trial are binding judicial admissions which are binding on the parties. 7 N. C. Index, "Trial" § 6, p. 262; see Hayes v. Ricard, 251 N.C. 485, 112 S.E. 2d 123 (1960). Clearly, the statement was relevant and material.

Defendant next assigns error to the court's failing to grant his motion for directed verdict. He argues that there was no evidence that he contracted with plaintiff to create an agency relationship whereby the wife was authorized to charge clothing to the husband's account.

In passing upon a motion for directed verdict all the evidence tending to support plaintiff's claim has to be taken as true and considered in the most favorable light to plaintiff, giving plaintiff the benefit of every reasonable inference which legitimately may be drawn therefrom, and resolving all contradictions, conflicts and inconsistencies therein in plaintiff's favor. Defendant's evidence which contradicts or tends to show a different state of facts is disregarded, and only that which is favorable to plaintiff can be considered. Carter v. Murray, 7 N.C. App. 171, 171 S.E. 2d 810 (1970).

[2] The plaintiff's evidence is sufficient to overcome a motion for directed verdict. Viewed in the light most favorable to plaintiff the evidence tends to show that defendant and his wife agreed to accept plaintiff's offer of a charge account; that purchases were made by the wife; and that payment was due. Further evidence tended to show that it was the defendant (husband) who stated to plaintiff that he and his wife would like to use the charge account, thus establishing the inference that defendant made his wife his agent to purchase clothes.

**[3]** In defendant's final assignment of error he contends that plaintiff was allowed to collect interest on the account at a usurious rate. Plaintiff correctly argues that usury is an affirmative defense and must be pleaded. G.S. 1A-1, Rule 8 (c). When not raised by the pleading the issue may still be tried if raised by the express or implied consent of the parties at trial. G.S. 1A-1, Rule 15 (b). However, defendant not only failed to raise the issue of usury in his pleadings but the record reveals no showing that the issue was raised at the trial. Not having raised the issue in his pleadings or at trial defendant cannot now present this defense before this Court. *Grissett v. Ward,* 10 N.C. App. 685, 179 S.E. 2d 867 (1971).

The judgment is

Affirmed.

Judges BRITT and VAUGHN concur.