BILLY RAY ANDERSON v. E. L. GOODING, EXECUTOR OF THE WILL OF ELIZABETH GOODING HARDY, J. W. BREWER, AND GREAT AMERICAN INSURANCE COMPANY

No. 63

(Filed 6 May 1980)

**Executors and Administrators §§ 18, 19.1— executor's notice to creditors—failure to name day after which claims barred—failure to state time runs from the first publication**

An executor's general notice to creditors published in a newspaper was fatally defective where it failed to name a *day* after which claims would be barred and failed to give notice that claims must be filed within six months from the day of the *first* publication of the notice; therefore, the notice to creditors was ineffective to start the running of the six months' statute of limitations of G.S. 28A-19-3(a) in bar of a claim against decedent's estate to recover for personal injuries received in an automobile accident.

PLAINTIFF appeals from decision of the Court of Appeals, 43 N.C. App. 611, 259 S.E. 2d 398 (1979), reversing judgment of *Reid, J.*, entered 24 October 1978 in PITT Superior Court.

The following facts appear of record:

1. On 25 March 1977 plaintiff was injured and Elizabeth Gooding Hardy was killed in a collision between plaintiff's truck and Mrs. Hardy's car, allegedly caused by the negligence of decedent Elizabeth Gooding Hardy. Mrs. Hardy died approximately forty-five minutes after the accident.

2. On 20 April 1977 E. L. Gooding qualified as Executor of Elizabeth Gooding Hardy, deceased.

3. The Executor caused a general notice to creditors to be published on 27 April 1977, 4 May 1977, 11 May 1977 and 18 May 1977 in *The Standard Laconic,* a newspaper meeting all the requirements of G.S. 1-597.

4. On 16 November 1977 E. L. Gooding, Executor of Elizabeth Gooding Hardy, received a written notice of plaintiff's claim for damages arising out of the motor vehicle collision which occurred on 25 March 1977. Said claim was denied by the Executor on 17 November 1977 on the ground that it was not presented to the Executor within six months after the day of the first publication of the notice to creditors.

5. On 21 December 1977 plaintiff brought his action for damages for personal injuries he allegedly sustained in the collision on 25 March 1977. In addition to E. L. Gooding, Executor, plaintiff included as defendants Great American Insurance Company and its claim adjustor, J. W. Brewer, alleging unfair and deceptive trade practices as to them and seeking damages on account thereof. However, plaintiff's claims against Great American and J. W. Brewer were severed for trial, and all matters pertaining thereto are not now before the Court. The record reveals that Elizabeth Gooding Hardy had liability insurance with Great American in the sum of $20,000.

6. E. L. Gooding, Executor, filed answer to plaintiff's complaint and pled, among other things, the six months' Statute of Limitations contained in G.S. 28A-19-3(a) in bar of plaintiff's claim.

7. Plaintiff moved for partial summary judgment as to defendant's plea that this action is barred as a matter of law by the provisions of G.S. 28A-19-3(a). At the hearing on that motion defendant Executor, pursuant to Rule 56(c) of the Rules of Civil Procedure, moved that summary judgment be entered in his favor and against plaintiff on the ground that the action is barred as a matter of law by said statute, relying upon an affidavit of E. L. Gooding in support of his motion. The trial court allowed plaintiff's motion for partial summary judgment and denied defendant's motion. The Court of Appeals reviewed the matter on certiorari, reversed and remanded with instructions that summary judgment be entered against plaintiff and in favor of defendant Executor. Judge Vaughn dissented and plaintiff appealed to this Court as of right pursuant to G.S. 7A-30(2).

*James, Hite, Cavendish & Blount, by Marvin Blount, Jr., and Robert D. Rouse III, attorneys for plaintiff appellant.*

*Johnson, Patterson, Dilthey & Clay, by Robert M. Clay and Robert W. Sumner; White, Allen, Hooten, Hodges & Hines, P.A., by John R. Hooten, attorneys for defendant appellees.*

HUSKINS, Justice.

Plaintiff contends that the notice to creditors published by E. L. Gooding, Executor of Elizabeth Gooding Hardy, did not comply with G.S. 28A-14-1, gave inadequate notice to plaintiff and

was therefore ineffective to start the running of the six months' Statute of Limitations contained in G.S. 28A-19-3(a). The Court of Appeals held to the contrary, and this constitutes plaintiff's first assignment of error before this Court.

G.S. 28A-14-1, in effect at the time in question, read in pertinent part as follows:

> "Every personal representative and collector within 20 days after the granting of letters shall notify all persons . . . having claims against the decedent to present the same to such personal representative or collector, on or before *a day to be named in such notice*, which day must be six months from the day of the first publication or posting of such notice." (Emphasis added.)

G.S. 28A-19-1, in effect at the time in question, provided in pertinent part that claims against a decedent's estate may be presented by delivering or mailing to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed. Such claim is deemed presented when it is received by the personal representative.

G.S. 28A-19-3(a), in effect at the time in question, provided in pertinent part as follows:

> "All claims . . . against decedent's estate . . . founded on . . . tort, or other legal basis, which are not presented to the personal representative or collector . . . within six months after the day of the first publication or posting of the general notice to creditors as provided for in G.S. 28A-14-1 are forever barred against the estate, the personal representative, the collector, the heirs, and the devisees of the decedent."

The notice to creditors published by E. L. Gooding, Executor of Elizabeth Gooding Hardy, deceased, reads in its entirety as follows:

STATE OF NORTH CAROLINA
LENOIR COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

ADMINISTRATOR'S-EXECUTOR'S NOTICE

Having qualified as Executor of the Estate of Elizabeth Gooding Hardy of Greene County, North Carolina, this is to notify all persons having claims against the estate of said Elizabeth Gooding Hardy to present them to the undersigned within 6 months from date of the publication of this notice or same will be pleaded in bar of their recovery. All persons indebted to said estate please make immediate payment.

This the 27th day of April, 1977.

ESTATE OF ELIZABETH GOODING HARDY
E. L. Gooding, Executor
P. O. Box 3169
Kinston, N. C. 28501

WHITE, ALLEN, HOOTEN & HINES, P.A.
Attorney
4/27, 5/4, 11, 18

Was the notice as published sufficient to start the running of the six months' Statute of Limitations so as to bar plaintiff's claim which he filed with the Executor on 16 November 1977? For reasons which follow, we hold that it was not.

G.S. 28A-14-1 requires the notice to creditors to be published once a week for four consecutive weeks in a newspaper qualified to publish legal advertisements, notifying all persons having claims against the decedent to present them to the personal representative on or before "a day to be named in such notice, which day must be six months from the date of the first publication . . . of such notice." This means that the notice must *name a day* after which claims may no longer be presented for payment but will be forever barred. And the day named in the notice must be at least six months from the date of the *first* publication of the notice. Fixing the last day on which claims may be presented for payment is a duty imposed upon the personal representative by the statute. Accordingly, the notice in question here should have

stated that all persons having claims against the decedent must present them to the executor on or before 27 October 1977 or the claims will be forever barred thereafter. *See* G.S. 1-593 and Rule 6(a) of the Rules of Civil Procedure. *See also Harris v. Latta*, 298 N.C. 555, 259 S.E. 2d 239 (1979), and cases therein cited, with respect to the general rule for computation of time.

In the case before us, the notice actually published was fatally defective in that it failed to name a *day* after which claims would be barred. Moreover, it failed to give notice that claims must be filed at least six months from the day of the *first* publication of the notice. Since the notice in question was published on 27 April, 4 May, 11 May and 18 May, a claimant could assume, with equal logic, that the six months' period commenced on 18 May 1977, the *last* publication date, rather than 27 April 1977, the *first* publication date. The fact that plaintiff's claim in this case was received by the Executor on 16 November 1977, a date within six months from the last publication, accentuates the importance of naming a day certain in the notice after which all claims will be barred.

When an administrator or executor pleads G.S. 28A-19-3(a) as a defense against claims presented against the estate, he must establish the fact that he did advertise as required by G.S. 28A-14-1. Failure of such proof causes failure of the defense made under G.S. 28A-19-3(a). *Compare Gilliam v. Willey*, 54 N.C. 128 (1853). In the instant case, the proofs do not sustain the defense and, as a result, the limiting statute is no bar to the suit. The time limitations for presentation of claims provided in G.S. 28A-19-3(a) will not aid an executor or administrator who fails to observe its requirements. *Compare Love v. Ingram*, 104 N.C. 600, 10 S.E. 77 (1889).

*Morrisey v. Hill*, 142 N.C. 355, 55 S.E. 193 (1906), is inapplicable in the factual context of this case. That case deals with the statutory limitation placed on the commencement of actions to recover claims which have already been duly *presented* to and rejected by the executor. *See* G.S. 28A-19-16.

For the reasons stated the decision of the Court of Appeals is reversed to the end that partial summary judgment entered by the trial court in favor of plaintiff may be reinstated. Plaintiff is

entitled to have his action tried on the merits and disposed of according to law.

We find it unnecessary to reach or decide other questions raised on this appeal.

Reversed and remanded.