ERVIN BAER PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL J.
PAROBY, JR., DECEASED v. WILLIAM R. DAVIS, PERSONAL REPRESENTATIVE OF
THE ESTATE OF SHARON JEAN SAXON, DECEASED, AND JEROME KARL PERSON,
PERSONAL REPRESENTATIVE OF THE ESTATE OF GARY LYNN SCHRECKENDGUST, DE-
CEASED.

No. 8012SC40

(Filed 15 July 1980)

Death § 4— wrongful death – action barred by statute of limitations
    Plaintiff's claim for wrongful death was barred by the six month limita-
tion of G.S. 28A-19-3 (b)(2), since plaintiff's claim arose on 23 October 1976, the
date of intestate's death, but plaintiff did not present his claim until some 15
months later.

APPEAL by plaintiff from *Braswell, Judge.* Order entered 15
August 1979 in Superior Court, CUMBERLAND County. Heard in
the Court of Appeals 3 June 1980.

Plaintiff's and defendants' intestates drowned on 23 Octo-
ber 1976 when the car in which they were riding overturned and

sank in a pond. Plaintiff brings this wrongful death action and defendants bring wrongful death actions as counterclaims. By the pre-trial order the parties stipulated that the only written notice of these claims they gave to each other was by service of the pleadings in this action in January 1978. Defendants in their answers and plaintiff in his replies allege as pleas in bar the six month statute of limitations established by G.S. 28A-19-3(b)(2). Prior to trial the court ruled on these pleas in bar and dismissed plaintiff's action and the counterclaims with prejudice. Plaintiff appeals.

*Pollock, Fullenwider & Cunningham, by Bruce T. Cunningham, Jr., for plaintiff appellant.*

*Bryan, Jones & Johnson, by Robert C. Bryan, for defendant appellee Person.*

ARNOLD, Judge.

Plaintiff argues on appeal that it is the statute of limitations established by G.S. 28A-19-3 (a) which is pertinent to this case, and not that of G.S. 28A-19-3 (b)(2). G.S. 28A-19-3 (a) applies to claims arising prior to a decedent's death while G.S. 28A-19-3 (b)(2) applies to claims arising at or after his death.

However, plaintiff's argument is of no avail since the issue of the applicability of G.S. 28A-19-3 (a) was not raised before the trial court. *See Wallace Men's Wear, Inc. v. Harris,* 28 N.C. App. 153, 220 S.E. 2d 390 (1975), *cert. denied* 289 N.C. 298, 222 S.E. 2d 703 (1976). It is clear from the trial court's order and the pleadings of the parties that it is G.S. 28A-19-3 (b)(2) which the parties alleged as a plea in bar and upon which the trial court ruled. The sole question for our review is whether the trial court ruled correctly that G.S. 28A-19-3 (b)(2), as it existed prior to amendment in 1979, bars plaintiff's action.

G.S. 28A-19-3(b)(2) provides that with an exception not pertinent here all claims against a decedent's estate arising at or after the death of the decedent must be presented within six months after the claim arises. A cause of action for wrongful death accrues at the date of death, G.S. 1-53 (4), in this case 23

Baer v. Davis

October 1976, and the claim was not presented until some 15 months later.

Plaintiff argues that since no administrators were appointed for the estates of defendants' intestates until January of 1978, he was only required to file his claim within six months of the appointment of the administrators, but we find this argument to be without merit. As defendants point out, plaintiff could have applied for letters of administration in the estates of defendants' intestates, see G.S. 28A-4-1 (b)(5) and (6), or sought to have the public administrator appointed, see G.S. 28A-12-4 (3), before the six-month statute of limitations established by G.S. 28A-19-3 (b)(2) had run. In fact, it was at plaintiff's instigation that administrators were finally appointed for the estates. The trial court correctly ruled that plaintiff's claim was barred by the statute of limitations.

Affirmed.

Judges MARTIN (Robert M.) and HILL concur.