CLEVELAND WEAKS CARETHERS v. JERRELL RAY BLAIR, ADMINISTRATOR OF THE ESTATE OF BILLY RAY BLAIR, DECEASED

No. 8021SC875

(Filed 21 July 1981)

1. **Executors and Administrators § 19.1— claim against estate—time for filing**

    Plaintiff's claim for damages arising out of a collision with decedent's automobile, though not presented to the administrator within six months of the date of publication of general notice to creditors, was nevertheless not barred since the administrator did not mail plaintiff a personal notice concerning the presentment of claims. G.S. 28A-19-3 (Supp. 1977).

2. **Executors and Administrators § 6.1— automobile liability insurance policy — asset of estate**

    Decedent's automobile liability insurance policy which was in effect at the time of decedent's accident with plaintiff was an undistributed asset of the estate within the meaning of G.S. 28A-14-3 (Supp. 1977), an "undistributed asset" simply being anything that remains after the administration of the estate and the disposition to the various beneficiaries are completed which is still accessible to the administrator for the satisfaction of debts or claims against the estate.

APPEAL by plaintiff from *Davis, Judge.* Judgment entered 12 June 1980 in Superior Court, FORSYTH County. Heard in the Court of Appeals 31 March 1981.

Plaintiff filed a complaint seeking damages for personal injuries and property loss arising out of a collision with decedent's automobile. The court entered summary judgment in defendant's favor because plaintiff did not present his claim against the estate within the limitation period of G.S. 28A-14-1.

The facts pertinent to this appeal are as follows. On 13 December 1978, plaintiff filed a negligence claim to recover for injuries and property damage he incurred when he was struck in the rear by an automobile owned and operated by Billy Ray Blair on 24 June 1977, while he was riding his bicycle on a city street.

At the time of the accident, Blair's automobile was insured by a liability policy with coverage limits of $15,000 per person, $30,000 per accident, and $5,000 for property damage.

Blair, however, had died on 6 January 1978, and the time for creditors to file claims against his estate had expired on 23 July 1978. Blair's estate was closed, and all the assets thereof distributed, on 19 October 1978. Plaintiff filed a petition to reopen Blair's estate which was granted by order of the clerk on 22 February 1979. This order was based mainly upon the clerk's finding of fact that:

> "a Notice to creditors was published in this Estate and that said Notice expired on July 23, 1978. That the Petitioner herein, Cleveland Weaks Carethers, did not receive personal service of this Notice to Creditors and pursuant to N.C. G.S. 28A-14-3 is not barred from filing a claim against the decedent's estate."

Plaintiff subsequently filed an amended complaint substituting Jerrell Ray Blair, administrator of the estate of Billy Ray Blair, deceased, as defendant in the action, and the administrator accepted service of process on 6 March 1979.

The administrator denied all allegations respecting any negligence on the part of decedent in the 1977 accident and further answered that, since it was not presented against the estate within six months from the publication of notice to creditors as required by G.S. 28A-14-1, plaintiff's claim was "forever barred" under G.S. 28A-19-3. The administrator thereafter moved for summary judgment on this ground, and the court granted the motion on 11 June 1980. Plaintiff now appeals from the entry of that order.

*Westmoreland and Sawyer, by Gordon A. Miller, for plaintiff appellant.*

*Hutchins, Tyndall, Bell, Davis and Pitt, by Richard Tyndall, for defendant appellee.*

VAUGHN, Judge.

We note at the outset that the provisions of Chapter 28A, governing the time and manner in which a creditor must present

his claim to the estate to preserve a right to recovery, have been amended twice since 1973. We must apply those provisions which were in effect on the date of decedent's death, 6 January 1978. Both parties agree that, in the instant case, the controlling statutory version of Chapter 28A appears in the 1977 Supplement to Volume 2A of the General Statutes, and our review is accordingly limited to a consideration and interpretation of the requirements stated therein.

[1]   On this record, it is undisputed that plaintiff failed to present his claim to the administrator within six months of the date of the publication of general notice to creditors, as required by G.S. 28A-14-1 (Supp. 1977). Plaintiff contends, however, that, since the administrator did not mail him a *personal* notice concerning the presentment of claims, his negligence action was not barred by G.S. 28A-19-3 (Supp. 1977). We agree.

[2]   G.S. 28A-14-3 (Supp. 1977) plainly provides:

"For a claim to be barred under the provisions of G.S. 28A-19-3, the personal representative or collector shall by certified or registered mail forward to the claimant a statement that the claim shall be barred unless presented in the time and manner set out in Article 19 of this Chapter. A claim not barred by G.S. 28A-19-3 because of the failure to mail the statement may be paid from any undistributed assets of the estate."

Thus, it is clear that, at the time this action was instituted, a creditor's claim against an estate could only be "forever barred" under G.S. 28A-19-3(a), when it was not timely filed within the limitations of G.S. 28A-14-1, if the administrator mailed a personal statement to the particular creditor, in addition to the general publication of notice to creditors. G.S. 28A-14-3, *supra.* Here, the administrator has not contended, nor has he offered uncontradicted proof tending to show, that this required announcement was duly sent to plaintiff.[1] In the absence of such notice, the claim was not barred, and the trial court erred in granting summary judgment in defendant's favor upon this ground. Upon his receipt

---

1. The defendant administrator admitted, in his answers to plaintiff's interrogatories, that he knew before decedent died that he had been involved in an accident with a man on a bicycle.

of a favorable judgment, plaintiff could seek recovery of damages out of the undistributed assets of decedent's estate. *Id.* This being so, the only remaining issue is whether decedent's automobile liability policy, which was in full force and effect when the accident occurred, constitutes an "undistributed asset." We hold that it does.

The general rule is that a deceased's potential right of exoneration under an insurance policy is an asset of his estate. *See,* Annot., 67 A.L.R. 2d 936 (1959). Our Supreme Court has adhered to this rule in several cases. In *Bank v. Hackney,* 266 N.C. 17, 145 S.E. 2d 352 (1965), the Court specifically stated that a decedent's automobile liability insurance policy was an asset of his estate. The Court reasoned that "[d]uring [decedent's] lifetime, it would protect him in respect of his personal liability and preserve his general estate from depletion; and, upon his death, such policy would constitute a valuable asset of his estate and safeguard the general assets of his estate for distribution to the beneficiaries." *Id.* at 22-23, 145 S.E. 2d at 357. The Court reiterated this view in the case of *In re Edmundson,* 273 N.C. 92, 159 S.E. 2d 509 (1968), where it held that such a policy was "unquestionably" an asset of decedent during her lifetime and an asset of her estate upon death, and that the potential right of the administrator of decedent's estate against the insurance company was a chose in action, an intangible asset. *Id.* at 95, 159 S.E. 2d at 511-12. In accordance with the rationale of the foregoing cases, the Court has also held that a hospital-expense policy with an insurance company is an asset. *Graham v. Insurance Co.,* 274 N.C. 115, 161 S.E. 2d 485 (1968). *See also In Re Scarborough,* 261 N.C. 565, 135 S.E. 2d 529 (1964) (holding that a cause of action for wrongful death is an asset of an estate).

This decisional authority compels us to conclude that the State Farm Mutual Automobile Insurance policy issued to the decedent, Billy Ray Blair, was indeed an asset of his estate. Moreover, we believe that this conclusion is mandated by G.S. 28A-15-1(a) (1975). That statute provides that: *"All* of the real and personal property, both legal and equitable, of a decedent shall be assets available for the discharge of debts and other claims against his estate in the absence of a statute expressly excluding any such property." (Emphasis added.) Automobile liability policies are not expressly excluded by any statute from being in-

cluded as an asset in an estate, and they are, therefore, resources available for the satisfaction of claims against the estate arising from decedent's ownership and operation of an automobile while he was alive. In sum, "[t]he correct principle is that all the chattels of the intestate are assets, if the administrator by reasonable diligence might have possessed himself of them." *Gray v. Swain*, 9 N.C. 15, 17 (1822).

Having first decided that decedent's automobile liability insurance policy was an asset of his estate, we further hold that this policy was an *undistributed* asset under G.S. 28A-14-3 (Supp. 1977), which the administrator could enforce for the payment of any subsequent judgment plaintiff might obtain upon a full trial of his negligence claim. An "undistributed asset" is simply anything that remains, after the administration of the estate and the disposition to the various beneficiaries are completed, which is still accessible to the administrator for the satisfaction of debts or claims against the estate. For purposes of this case, it is important to understand the general nature of the liability insurance policy. The sole function of such policies is to settle claims which are covered thereunder. Proceeds are, however, dispensed only in the event that a valid claim or judgment is established against the insured. It is, therefore, obvious that the potential right of an administrator to seek indemnification from a liability insurer is an asset which can only be distributed when a proper claim is presented against the estate involving decedent's operation of the insured automobile. Until that happens, the liability policy is an undistributed asset of the insured's estate.

An instructive case in this regard is *In Re Miles*, 262 N.C. 647, 138 S.E. 2d 487 (1964). There, the petitioner failed to present a claim for wrongful death, arising out of an automobile accident, against the estate within the six-month period required by former G.S. 28-113. The trial judge found as a fact that decedent possessed a policy of liability insurance at the time of the fatal accident. The Supreme Court stated the following with respect to petitioner's failure to file a timely claim against the estate in such circumstances:

"By the provisions of G.S. 28-113, if a claim is not presented in six months, the representative is discharged as to assets paid. Even if this statute applies to a claim for unliquidated

damages, which we do not concede, it would only bar peti-
tioner's claim for damages for wrongful death as to assets
paid out by appellant, and he could still assert his demand
against undistributed assets of the estate. . . . In our opinion,
failure of petitioner to file a claim for unliquidated damages
with appellant does not bar his action, where he is seeking to
recover damages for an alleged wrongful death of his in-
testate, and to collect it out of the automobile liability in-
surance policy issued to Miles, deceased."

*Id.* at 654-55, 138 S.E. 2d at 492-93. Thus, it was the Court's view
that an automobile liability policy was an undistributed asset
which could be used to satisfy a tardy claim against the estate.
Our interpretation of what constitutes an undistributed asset for
purposes of G.S. 28A-14-3 (Supp. 1977) is consistent with that
view.[2]

In conclusion, it suffices to say that the defendant ad-
ministrator's reliance on two decisions of this Court, *Baer v.
Davis*, 47 N.C. App. 581, 267 S.E. 2d 581 (1980), and *Anderson v.
Gooding*, 43 N.C. App. 611, 259 S.E. 2d 398 (1979), to support his
contention that plaintiff's claim was absolutely barred because it
was not filed within six months of the publication of general
notice to creditors, is misplaced. Neither case involved an applica-
tion of the provisions of Article 28A as they existed in 1978,
which, of course, control the disposition of this case.[3]

In sum, we hold: (1) plaintiff's claim against the estate was
not barred under G.S. 28A-19-3 (Supp. 1977) because the ad-
ministrator did not mail a personal notice to him as required by
G.S. 28A-14-3 (Supp. 1977); and (2) the decedent's automobile
liability insurance policy, which was in effect at the time of the

2. We would also comment that G.S. 28A-19-3 (Cum. Supp. 1979), which is not
applicable to this case, now expressly provides that a creditor's claim shall not be
barred, even though it is not timely presented under G.S. 28A-14-1, "to the extent
that the decedent or personal representative is protected by insurance coverage
with respect to such claim, proceeding or judgment." G.S. 28A-19-3(i).

3. The *Baer* case is also irrelevant because it only involved an application of
G.S. 28A-19-3(b)(2) which is not at issue here. It is also doubtful that any reasoning
in the *Gooding* decision is authoritative in light of the Supreme Court's reversal
thereof in 300 N.C. 170, 265 S.E. 2d 201 (1980).

accident, is an undistributed asset, within the meaning of G.S. 28A-14-3 (Supp. 1977), available for the payment of plaintiff's claim. For these reasons, the order of summary judgment is reversed.

Reversed.

Judges CLARK and WELLS concur.