FRANK H. FORCE AND WIFE, LORRAINE FORCE v. MARGARET TRIGG SANDERSON, EXECUTRIX OF THE ESTATE OF CARL H. DAWSON, DECEASED

No. 8115SC639

(Filed 16 March 1982)

**Executors and Administrators § 18; Insurance § 105— automobile accident—claim against decedent's insurer—not barred by statute of limitations concerning claims against estate**

> In an action in which plaintiffs alleged that they were injured and damaged as a result of the negligent operation of an automobile owned and operated by decedent's testator on 9 April 1977, the trial court erred in granting defendant's motion for summary judgment on the basis that no written claim was filed by plaintiffs against decedent's estate within six months of the date of the first publication of defendant's notice to creditors or within six months after the date the claim arose as provided in G.S. 28A-19-3. Defendant would not be prejudiced in any way by allowing plaintiffs to seek recovery within the limits of coverage of decedent's automobile liability insurance policy.

APPEAL by plaintiffs from *McLelland, Judge.* Judgment entered 6 April 1981 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 11 February 1982.

On 9 April 1980, plaintiffs brought an action for personal injuries and property damages. In their complaint, plaintiffs alleged that they were injured and damaged as a result of the negligent operation of an automobile owned and operated by defendant's testator, Carl H. Dawson. The collision occurred on 9 April 1977. Plaintiffs also alleged that at the time of the collision, Dawson had an automobile liability insurance policy in effect with Nationwide Insurance Company. Shortly after 9 April 1977, plaintiffs' attorneys began negotiating with Nationwide's representatives in an effort to settle their claims against Dawson's estate. The negotiations continued through the year 1979.

Defendant answered with denials as to Dawson's negligence but admitted his ownership and operation of his automobile on the occasion of the collision and admitted the alleged insurance coverage. As an additional defense, defendant alleged that Dawson died on the date of the collision, 9 April 1977; she was appointed executrix of Dawson's estate on 18 April 1977; she administered the estate until she filed her final account on 15 June 1978; no claims were filed by plaintiffs against Dawson's estate

within 6 months of the date such claim arose; and by reason of plaintiffs' failure to timely file their claims against Dawson's estate, such claims were barred. Defendant also asserted the three year statute of limitations as a bar to plaintiffs' claims.

After the pleadings were joined, defendant moved for summary judgment. In support of her motion, defendant filed an affidavit in which she alleged that she was duly appointed as the executrix of Dawson's estate by issuance of letters testamentary on 2 May 1977; notice to creditors was published for four weeks beginning 10 November 1977; Dawson died 9 April 1977, either before or immediately at the time of the collision; and no written claim was filed by plaintiffs against Dawson's estate prior to the institution of this accident on 9 April 1980.

In opposition to defendant's affidavit, plaintiffs filed the affidavit of their attorney, C. Banks Finger, who stated that on 10 May 1977 he notified Nationwide that he was making claim on plaintiff's behalf against Nationwide as the insurance carrier for Dawson's estate; that Finger negotiated from 10 May 1977 to March 1980; and that on several occasions, Nationwide tendered an offer of settlement.

The trial court granted defendant's motion for summary judgment and dismissed plaintiffs' action. Plaintiffs appeal from that judgment.

*Finger, Park and Parker, by Raymond A. Parker, II, for plaintiff-appellants.*

*Bryant, Drew, Crill & Patterson, by Victor S. Bryant, Jr., and Lee Patterson, for defendant-appellee.*

WELLS, Judge.

Although there may be a factual issue in this case as to whether defendant's testator died before or during the collision of his automobile, that issue is not determinative of this appeal. Plaintiffs contend their action is not barred by reason of their failure to file their claims against Dawson's estate within six months of the date of the first publication of defendant's notice to creditors, or, within six months after the date the claim arose. The applicable statute is G.S. 28A-19-3, as that statute was worded in 1977, as follows:

§ 28A-19-3. Limitations on presentation of claims.—(a) All claims, except contingent claims based on any warranty made in connection with the conveyance of real estate, against a decedent's estate which arose before the death of the decedent, including claims of the United States and the State of North Carolina and subdivisions thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, secured or unsecured, founded on contract, tort, or other legal basis, which are not presented to the personal representative or collector pursuant to G.S. 28A-19-1 within six months after the day of the first publication or posting of the general notice to creditors as provided for in G.S. 28A-14-1 are forever barred against the estate, the personal representative, the collector, the heirs, and the devisees of the decedent.

(b) All claims against a decedent's estate which arise at or after the death of the decedent, including claims of the United States and the State of North Carolina and subdivisions thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, secured or unsecured, founded on contract, tort, or other legal basis are forever barred against the estate, the personal representative, the collector, the heirs, and the devisees of the decedent unless presented to the personal representative or collector as follows:

. . .

(2) Any claim other than a claim based on a contract with the personal representative or collector, within six months after the claim arises.

The opinion of our Supreme Court in *In re Miles*, 262 N.C. 647, 138 S.E. 2d 487 (1964), is controlling here. The facts in *Miles*, supra, were as follows. Plaintiff Petitioner Grubb, administrator of the estate of Ronald Allen Sybrant, had a claim against the estate of Wilson Miles for an alleged wrongful death sustained in an automobile collision which occurred on 10 January 1962. On 2 February 1962, Eugenia Miles was appointed administratrix c.t.a. of the estate of Wilson Miles. On 11 February 1963, an order was entered by the Clerk approving the final account of Eugenia Miles and directing her discharge. An automobile liability insurance

policy was an asset of Miles' estate which may have been available for payment of Grubb's claim for the wrongful death of Sybrant. On 9 January 1964, Grubb instituted a civil action to recover damages for the wrongful death of Sybrant. On 6 March 1964, Grubb filed a petition before the Clerk to re-open Miles' estate. The trial court ordered that Miles' estate be re-opened. In affirming the trial court, the Supreme Court, referring to G.S. 28-113, the predecessor to G.S. 28A-19-3, held:

> By the provisions of G.S. 28-113, if a claim is not presented in six months, the representative is discharged as to assets paid. Even if this statute applies to a claim for unliquidated damages, which we do not concede, it would only bar petitioner's claim for damages for wrongful death as to assets paid out by appellant, and he could still assert his demand against undistributed assets of the estate and without cost against the administratrix c.t.a. of the Miles estate. *In re Estate of Bost,* 211 N.C. 440, 190 S.E. 756. In our opinion, failure of petitioner to file a claim for unliquidated damages with appellant does not bar his action, where he is seeking to recover damages for an alleged wrongful death of his intestate, and to collect it out of the automobile liability insurance policy issued to Miles, deceased.

*See also Carethers v. Blair,* 53 N.C. App. 233, 280 S.E. 2d 467 (1981).

Defendant relies on the decision of our Supreme Court in *Anderson v. Gooding,* 300 N.C. 170, 265 S.E. 2d 201 (1980) in support of her argument that plaintiffs' claims are barred under G.S. 28A-19-3. We do not agree. In *Anderson,* the court did not reach the question we have addressed here.

We are persuaded that as the personal representative of Dawson's estate, defendant will not be prejudiced in any way by allowing plaintiffs to seek recovery within the limits of coverage of Dawson's automobile liability insurance policy. At trial, plaintiffs' damages will be limited to the coverage provided in Dawson's liability insurance policy which was in force at the time of the collision.

The judgment below dismissing plaintiffs' action is

Reversed.

Judges MARTIN (Robert M.) and WEBB concur.