IN RE: THE ESTATE OF JAMES LEO ENGLISH; DATE OF DEATH: JUNE 6, 1981

No. 865SC443

(Filed 25 November 1986)

**1. Clerks of Court § 4— reopened estate—motion to set aside order—jurisdiction**

The Clerk of Superior Court had the authority to hear a motion to set aside an order granted by an Assistant Clerk to reopen an estate, even though the motion was made under an inappropriate rule, where the face of the motion revealed and the Clerk and the parties clearly understood the relief

sought and the grounds asserted therefor. Moreover, the broad grant of authority in N.C.G.S. § 7A-103(9) (1981) includes the power to correct orders entered erroneously.

**2. Executors and Administrators § 19.1— closed estate—claim of quantum meruit —time barred**

The Clerk of Superior Court did not err by determining that an estate should remain closed where the decedent died on 6 June 1981, the estate was closed on 7 July 1983, and petitioner alleged on 14 June 1985 that she had promised to perform certain services for decedent during his lifetime in exchange for the right to occupy property for the remainder of her life. N.C.G.S. § 28A-23-5 (1984) expressly states that claims which are already barred may not be asserted in a reopened administration and petitioner's claim was barred by both N.C.G.S. § 1-52 and N.C.G.S. § 28A-19-3(b)(2) (1984). Petitioner could not bypass the time bar by contending that the heirs were equitably estopped to plead either statute of limitation because a new administrator would not be estopped by any acts of the heirs and because there was no abuse of discretion in the Clerk's determination of whether there was proper cause for reopening the estate.

APPEAL by petitioner from *Hairston, Judge.* Order entered 29 October 1985 *nunc pro tunc* 6 November 1985 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 14 October 1986.

*Block and Trask, by Franklin L. Block, for petitioner appellant.*

*Newton, Harris & Shanklin, by Kenneth A. Shanklin, for appellee James T. English.*

*Yow, Yow, Culbreth and Fox, by Ralph S. Pennington, for respondent appellees Beulah Mae English, Richard T. English, Ruby E. Carroll, and Brenda Gail E. James.*

BECTON, Judge.

This action was brought by the petitioner, Argle W. Chapman, to reopen the estate of James Leo English. Petitioner sought to sue the estate in *quantum meruit* for the value of services she allegedly rendered to Mr. English, the deceased, prior to his death, pursuant to an oral contract. After an ex parte hearing on Ms. Chapman's petition, the Assistant Clerk of Superior Court of New Hanover County ordered the estate of James Leo English reopened. Thereafter, the matter was reheard upon a motion by the heirs of James Leo English, and the Clerk concluded that the

estate had been reopened erroneously and ordered it closed, *nunc pro tunc.* On appeal to the Superior Court, the trial court affirmed the Clerk's order that the estate remain closed. From this order petitioner appeals. We affirm.

The issues on appeal relate to (1) the authority of the Clerk of Superior Court to reopen an estate in order to allow a suit which is barred by the applicable general statute of limitations as well as the special six-month statute of limitations established by N.C. Gen. Stat. Sec. 28A-19-3 (1984) for asserting claims against an estate, (2) the applicability of the doctrine of equitable estoppel to overcome the statute of limitations in a petition to reopen an estate, and (3) the authority of the Clerk to rehear a petition to reopen an estate and to reverse her prior order that the estate be reopened.

I

*Factual and Procedural Background*

James Leo English died intestate on 6 June 1981. On 7 July 1983 the estate was closed and the administrator was discharged. On 12 April 1985 an action was instituted against the petitioner, Argle W. Chapman, by four heirs of James Leo English, seeking to eject Ms. Chapman from a tract of land owned by English at the time of his death and upon which the petitioner had resided with the consent of English.

In response to the ejectment suit, on 14 June 1985 Petitioner filed the petition which is the subject of this suit. The petition alleged, in part, that (1) Ms. Chapman occupied the land pursuant to a prior agreement between English and herself whereby she would perform certain services for English during his lifetime in exchange for the right to occupy the property for the remainder of her life; (2) that no claims were brought against Petitioner regarding her occupancy of the land during the pendency of the estate administration; (3) that until 15 April 1985, Petitioner had no reason to assert any claim against the estate because she believed the heirs were complying with the agreement; (4) that she intended to file a suit based on *quantum meruit* against the estate for services rendered by her to Mr. English; and (5) that if she were removed from the land, she would have a valid claim for betterments.

In the 28 June 1985 order reopening the estate, the Clerk made findings of fact which essentially restated the allegations of the petition. The heirs were not present or represented at the hearing; and although Petitioner's brief states that they were notified, there is no Certificate of Service or other evidence of this in the record.

On 2 August 1985, the heirs filed a RESPONSE TO PETITION TO REOPEN ESTATE AND MOTION TO SET ASIDE ORDER TO REOPEN ESTATE "pursuant to Rule 60(b)(1) and (6) of the Rules of Civil Procedure." In support of their motion to set aside the previous order, the heirs alleged that Petitioner had no interest in the estate as required by N.C. Gen. Stat. Sec. 28A-23-5 and that her claim was barred by her failure to pursue it within the statutory six-month period for presenting claims against the estate. After hearing testimony and the arguments of counsel for both the heirs and the Petitioner, the Clerk, on 29 August 1983, without making findings of fact, reversed her earlier order and reclosed the estate, *nunc pro tunc.*

On 12 September 1985, after appealing the order reclosing the estate to the Superior Court, Petitioner initiated a second action directly against the heirs for betterments based on improvements she made to the property, and for the value of her services to the deceased. At the 28 October hearing on the appeal, the Superior Court judge had before him the Complaint and Affidavit filed by Petitioner in the second suit as well as the file in her original action to open the estate. In that Complaint and Affidavit, Petitioner alleged that, in failing to assert her legal claim to the property sooner, she had relied not only upon the failure of the heirs or administrator to attempt to remove her from the land but also upon certain "misleading assurances" given to her by the heirs that she would not be "thrown off the property." Although in January of 1984 Petitioner received a letter from an attorney representing the heirs which requested her to vacate the property, Petitioner stated that one of the heirs told her to ignore the letter. No further efforts were made to remove her from the property until the 12 April 1985 ejectment suit was filed. Upon this evidence and the arguments of counsel and without making findings of fact, the Superior Court affirmed the Clerk's order, *nunc pro tunc.*

## II

## A

[1]   We first address the procedural question raised by the petitioner's contention that the Clerk erred in rehearing the petition to reopen the estate after an order to reopen the estate had been entered. Petitioner argues that the proper procedure for challenging the order was by way of appeal to the Superior Court, and that, because the motion of the heirs was made pursuant to Rule 60(b) which does not apply to interlocutory orders, the Clerk lacked authority to entertain the heirs' motion and to vacate her prior order. We disagree and conclude that the order entered by the Clerk was within her authority.

First, in *McGinnis v. Robinson*, 43 N.C. App. 1, 9, 258 S.E. 2d 84, 89 (1979), this Court held a movant's failure to state *any* rule number as basis for his motions as required by Rule 6 of the General Rules of Practice for the Superior and District Courts was not a fatal error when "[t]he substantive grounds and relief desired [w]as [sic] manifest on the face of the motions as required by Rule 7(b)(1) of the N.C. Rules of Civil Procedure." *See also Wood v. Wood*, 297 N.C. 1, 252 S.E. 2d 799 (1979); *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 220 S.E. 2d 806 (1975), *disc. rev. denied*, 289 N.C. 619, 223 S.E. 2d 396 (1976). Similarly, reliance upon an inappropriate rule is not fatal in this case when the face of the motion revealed, and the Clerk and the parties clearly understood, the relief sought and the grounds asserted therefor, and when the Petitioner, as opponent of the motion, was not prejudiced by the error.

Moreover, the Clerk is authorized by statute to "[o]pen, vacate, modify, set aside, or enter as of a former time, decrees or orders of his court." N.C. Gen. Stat. Sec. 7A-103(9) (1981). This broad grant includes the power to correct orders entered erroneously, *In re Watson*, 70 N.C. App. 120, 122, 318 S.E. 2d 544, 546 (1984), *disc. rev. denied*, 313 N.C. 330, 327 S.E. 2d 900 (1985), whenever the Clerk's attention is directed to the error by motion or *by other means. See Taylor v. Triangle Porsche-Audi* (even under Rule 60 which expressly states that the court is to act "on motion," the court has power to act in the interest of justice when its attention is brought to the necessity for relief by means other than a motion).

## B

[2]  We next determine whether the Clerk erred in concluding that the estate should remain closed.

N.C. Gen. Stat. Sec. 28A-23-5 (1984) provides:

> If, after an estate has been settled and the personal representative discharged, other property of the estate shall be discovered, or if it shall appear that any necessary act remains unperformed on the part of the personal representative, *or for any other proper cause,* the clerk of superior court, upon the petition of any person interested in the estate . . . may order that said estate be reopened. . . . Unless the clerk of superior court shall otherwise order, the provisions of this Chapter as to an original administration shall apply to the proceedings had in the reopened administration; *but no claim which is already barred can be asserted in the reopened administration.* (Emphasis added.)

The issue before the Clerk in this case was whether "other proper cause" existed for reopening the estate. The Petitioner contends that she has a valid cause of action against the estate founded in *quantum meruit* and that this constitutes "proper cause." We agree that the existence of a valid claim against an estate *which is not time-barred* may, in an appropriate case, constitute "proper cause" to reopen a closed estate in order to assert the claim. *See Force v. Sanderson,* 56 N.C. App. 423, 289 S.E. 2d 56, *cert. denied,* 306 N.C. 383, 294 S.E. 2d 207 (1982). However, the statute expressly states that claims which are already barred may not be asserted in a reopened administration. Thus, without more, a claim which is barred by the statute of limitations may not constitute proper cause to reopen administration of a closed estate.

Petitioner's claim upon *quantum meruit* is subject to two statutes of limitations. First, *quantum meruit* claims for services rendered pursuant to a contract to devise are controlled by a three-year statute of limitations. N.C. Gen. Stat. Sec. 1-52(1) (1983); *Dunn v. Brewer,* 228 N.C. 43, 44 S.E. 2d 353 (1947). When the agreed upon compensation is to be provided in the will of the recipient of the services, the cause of action accrues when the recipient dies without having made the agreed testamentary pro-

vision. *Johnson v. Sanders*, 260 N.C. 291, 132 S.E. 2d 582 (1963); *Hicks v. Hicks*, 13 N.C. App. 347, 185 S.E. 2d 430 (1971). The Petitioner alleged that English promised to compensate her for her services to him by devising to her a life estate in the contested property. Therefore, her cause of action accrued when English died on 6 June 1981, and she was barred from making a claim against the estate by N.C. Gen. Stat. Sec. 1-52 on 6 June 1984. For this reason, the heirs claim that Petitioner is not a "person interested in the estate" with a right to petition for its reopening.

In addition, Chapter 28A of the General Statutes, which regulates the administration of estates, contains special periods of limitation for claims against an estate. Claims, such as that of the petitioner in the present case, which arise at the death of the decedent, are "forever barred . . . unless presented to the personal representative or collector . . . within six months after the date on which the claim arises." N.C. Gen. Stat. Sec. 28A-19-3(b)(2) (1984). Taken alone, this statute establishes an absolute bar to all claims or actions that are not presented within the six-month limitation period. *Thorpe v. Wilson*, 58 N.C. App. 292, 293 S.E. 2d 675 (1982). *See also Baer v. Davis*, 47 N.C. App. 581, 267 S.E. 2d 581, *disc. rev. denied*, 301 N.C. 85, 273 S.E. 2d 296 (1980). The special shortened period for actions against decedents' estates is apparently designed to encourage speedy presentation of claims and to expedite the administration, and ultimately, the closing, of estates. Furthermore, we believe that the provision in G.S. Sec. 28A-23-5 prohibiting any claim which is already barred from being asserted in the reopened estate primarily refers to the G.S. Sec. 28A-19-3 limitations on presentation of claims. Thus, an estate may not ordinarily be reopened for litigation of claims not brought within the six-month period, even in the absence of a bar by some other statute of limitations.

The Petitioner seeks to by-pass the time bar by contending that the heirs are equitably estopped to plead either statute of limitations in bar of her claims against the estate. We conclude, however, that the question of equitable estoppel does not control the resolution of Petitioner's effort to reopen the administration. First, in the event the Clerk *had* reopened the estate, it would have been necessary pursuant to G.S. Sec. 28A-23-5, to reappoint the administrator or appoint a new administrator to perform the acts necessary to the defense of the estate, and that administra-

tor would not be estopped by any acts of the heirs from raising the limitation period as a bar to the Petitioner's claim. (We note that Petitioner's second action directly against the heirs is still pending, and we express no opinion regarding the merits of her equitable estoppel claim as it relates to that suit.)

More importantly, however, the Clerk of Court is not bound, in making a discretionary determination of whether "proper cause" exists for reopening an estate, by any estoppel theory based upon acts of the heirs. We reiterate that the existence of "proper cause" was the ultimate issue for the Clerk on hearing Ms. Chapman's petition. The Clerk, in the exercise of her probate jurisdiction, is properly guided by Chapter 28A of the General Statutes including the six-month limitation on presentation of claims. In light of the public policy in favor of expedited administration of estates, as evidenced by the six-month statute of limitations and other provisions of Chapter 28A, the Petitioner had, in our opinion, a heavy burden of justifying her failure to bring her suit within the six-month period provided for that purpose, or at the very least, within the greater than two-year period that the estate actually remained open. We find no error in the Clerk's determination that this burden was not met.

Petitioner alleged that English promised to devise a life estate to her. When English died without having done so, Petitioner was on immediate notice that she had a claim against the estate. If the Clerk, in the role of factfinder, believed that the Petitioner was actively misled or dissuaded by the heirs or anyone else from pursuing her claim while it was timely, she might, in her discretion, find that the Petitioner's claim was justified. We do not have the benefit of any findings of fact in the record in order to determine why the Clerk decided otherwise. However, in the absence of a request by a party, the Clerk was not required to make findings of fact. *See J. M. Thompson Co. v. Doral Manufacturing Co.*, 72 N.C. App. 419, 324 S.E. 2d 909, *disc. rev. denied*, 313 N.C. 603, 330 S.E. 2d 611 (1985); N.C. Gen. Stat. Sec. 1A-1, Rule 52(a)(2) (1983). Instead, we must presume, upon proper evidence, that she found sufficient facts to support her ruling. *Id.* Furthermore, the record does not disclose what evidence was presented before the Clerk other than Ms Chapman's petition and the heirs' response. Under these circum-

stances, we rely upon a presumption that the order entered was proper and we decline to find an abuse of authority by the Clerk.

## C

Petitioner's third assignment of error is to the superior court judge's affirmation of the Clerk's order. The jurisdiction of the superior court judge in this case was that of an appellate court, *In re Estate of Adamee*, 291 N.C. 386, 230 S.E. 2d 541 (1976); *In re Estate of Longest*, 74 N.C. App. 386, 328 S.E. 2d 804, *disc. rev. denied*, 314 N.C. 330, 333 S.E. 2d 488 (1985), and the Petitioner's general exception to the entry of the Clerk's order presented only the question whether the Clerk's presumed findings of fact supported her conclusion. *See In re Estate of Lowther*, 271 N.C. 345, 156 S.E. 2d 693 (1967); *J. M. Thompson Co. v. Doral Manufacturing Co.* The hearing should have been on the record only and not *de novo*, and the judge was confined to correcting errors of law. *See Lowther.* Nevertheless, we have carefully reviewed the additional evidence considered by the Court (Petitioner's Complaint and Affidavit) and find nothing therein which changes our conclusion. For the reasons discussed in the preceding section, we hold that the court did not err in affirming the Clerk's order.

## III

For the foregoing reasons, we conclude that the Clerk of Court, and the Superior Court Judge properly ordered that the estate of James Leo English remain closed. The order appealed from is therefore

Affirmed.

Judges WEBB and EAGLES concur.