IN RE ESTATE OF MULLINS

[182 N.C. App. 667 (2007)]

IN THE MATTER OF THE ESTATE OF PHILLIP A. MULLINS, III

No. COA06-468

(Filed 17 April 2007)

### 1. Estates— reopening—findings

A clerk of superior court complied with N.C.G.S. § 1-301.3(b) and made a specific finding on the ultimate fact in issue (whether a testator's estate would remain closed) by finding that an assistant clerk's order reopening the estate was improvidently and inappropriately entered, that the order be set aside, and that the estate remain closed.

### 2. Estates— reopening—claims not filed—personal notice

The superior court did not err by affirming an order from the clerk of court that set aside the reopening of an estate. Nothing in the record indicates that petitioners filed a claim against the estate prior to its closing. Petitioners failed to show that they were entitled to personal notice pursuant to N.C.G.S. § 28-14-1(b).

Judge GEER concurring in the result.

Appeal by petitioners Diane and Jacques Geitner from order entered 2 November 2005 by Judge Timothy S. Kincaid in Catawba County Superior Court. Heard in the Court of Appeals 7 February 2007.

*McDaniel & Anderson, LLP, by L. Bruce McDaniel, for respondent-appellees the Estate of Phillip A. Mullins, III, Martha Mullins, Virginia Shehan, and Peter Menzies.*

*Robert J. King, III, and Janice L. Kopec, for petitioners-appellants.*

TYSON, Judge.

Diane and Jacques Geitner (collectively, "petitioners") appeal from order entered affirming the clerk of superior court's order setting aside an assistant clerk's prior order reopening the Estate of Phillip A. Mullins, III. We affirm.

### I. Background

Balfour Menzies ("Menzies"), P.G. Menzies, and W.B. Shuford founded Southern Hosiery Mills, Inc. ("SHM") in approximately 1945.

IN RE ESTATE OF MULLINS

[182 N.C. App. 667 (2007)]

Menzies obtained ownership of virtually all of SHM's stock. Menzies had two daughters, Diane Geitner ("Diane") and Martha Mullins ("Martha"). Menzies transferred most of his stock in SHM, in equal parts, to Diane and Martha.

Diane married Jacques Geitner. Diane is the Secretary, a director, and a shareholder of SHM. Jacques Geitner is a director and shareholder of SHM. Petitioners own, or are the beneficiaries of, approximately 49% of SHM's common stock.

Martha ("respondent") married Phillip A. Mullins, III ("testator") and bore two children, Virginia Shehan and Peter Menzies ("the children"). Respondent and her children are also shareholders and directors of SHM. Testator served as a director of SHM until Charles Snipes ("Snipes") replaced him in 2003. Testator also served as President and General Manager of SHM until his death on 25 May 2004. Respondent qualified as executrix of testator's estate.

In December 2000, petitioners filed suit against several defendants including testator and SHM. Petitioners asserted claims for: (1) judicial dissolution; (2) breach of fiduciary duty; (3) conversion and misappropriation; (4) usurpation of a corporate opportunity; (5) civil conspiracy; (6) unjust enrichment; (7) unfair and deceptive trade practices; (8) accounting; (9) judicial removal of testator as director; and (10) breach of shareholders' agreement. The complaint included individual claims for monetary relief against testator.

On 1 June 2002, the parties to that lawsuit entered into an interim settlement agreement. Petitioners agreed to voluntarily dismiss all claims without prejudice. The parties also entered into an agreement which purported to toll the statute of limitation's period applicable to petitioners' claims.

The parties attempted but were unable to resolve their disputes. On 21 May 2004, petitioners' attorney wrote a demand letter to SHM's attorney:

> Over the course of an unknown number of years, [testator], President of [SHM], has received various moneys from [SHM], including salary, bonuses, and benefits. As an officer of [SHM], any compensation or other payment to [testator] must be approved by a majority of disinterested directors of [SHM]. No such approval has been provided as to an unknown number of payments, including but not limited to a bonus paid to [testator] in 2003 and pay increases and bonuses paid for at least the ten

IN RE ESTATE OF MULLINS

[182 N.C. App. 667 (2007)]

years preceding 2003. [Petitioners] demand that [SHM] take immediate steps to recover all payments and benefits provided to [testator] that were not approved by a majority of the disinterested directors of [SHM].

This letter also stated: "In the event this demand is not met, [petitioners] will institute an action on behalf of [SHM] to recover all amounts improperly paid to [testator]." A copy of this demand letter was sent to Richard Vinroot, Esq. ("Attorney Vinroot") who represented testator, respondent, and SHM. Four days later, on 25 May 2004, testator died.

On 26 May 2004, petitioners filed a declaratory judgment action against testator, respondent, and the children. Petitioners sought a declaratory ruling that the votes of the "Mullins Shareholders do not count in determining matters related to [testator] or members of his immediate family, and that the votes of [petitioners] do count regarding such matters." This action did not assert monetary claims against testator or the Estate. Petitioners never served this complaint on testator, testator's estate, respondent, or the children.

Respondent qualified as executrix of testator's estate and opened the Estate in the Office of the Catawba County Clerk of Superior Court. The clerk issued letters testamentary. Beginning on 18 June 2004, respondent published in the *Hickory Daily Record* a statutory general notice to all creditors once a week for four consecutive weeks. This statutory general notice notified all existing and potential creditors to present any claim against testator's estate on or before 18 September 2004. Petitioners did not file a claim against testator's estate at any time on or before 18 September 2004. On 12 January 2005, the clerk of superior court ordered testator's estate closed.

On 13 January 2005, petitioners filed an amended complaint and sought monetary relief against testator's estate in addition to petitioners' declaratory judgment claim. An *alias and pluries* summons was issued on 13 January 2005.

On 4 May 2005, petitioners petitioned the Catawba County Clerk of Superior Court to reopen testator's estate. On petitioners' *ex parte* motion, an assistant clerk initially reopened the Estate and found that "[n]ecessary act(s) remain unperformed by the Personal Representative." Respondent requested a hearing before the clerk of superior court and objected to testator's estate being reopened.

On 9 June 2005, the clerk conducted a formal hearing to determine whether testator's estate would remain closed. The clerk heard arguments from both parties and considered the briefs and record evidence. In an order filed on 16 June 2005, the clerk found that the order that reopened testator's estate was "improvidently and inappropriately entered" and entered an order setting aside the reopening the Estate.

On 21 June 2005, petitioners appealed the clerk's order to the Catawba County Superior Court. Petitioners alleged: (1) the clerk's order did not meet the procedural requirements of N.C. Gen. Stat. § 1-301.3(b) and (2) respondent had knowledge of petitioners' claim against testator's estate, but failed to provide them personal notice.

The superior court heard petitioners' appeal on 10 October 2005 and entered an order on 2 November 2005 affirming the clerk of superior court's order setting aside the reopening of the estate. Petitioners appeal.

## II. Issues

Petitioners contend the superior court erred in affirming the clerk of superior court's order that set aside the reopening the Estate and argue: (1) the clerk's order did not contain findings of fact or conclusions of law required by N.C. Gen. Stat. § 1-301.3(b) and (2) not reopening the Estate is contrary to the evidence presented and North Carolina General Statutes, Chapter 28A.

## III. Standard of Review

This Court has stated both the superior court's standard of review and this Court's standard of review on probate proceedings:

> On appeal to the Superior Court of an order of the Clerk in matters of probate, the trial court judge sits as an appellate court. When the order or judgment appealed from does contain specific findings of fact or conclusions to which an appropriate exception has been taken, the role of the trial judge on appeal is to apply the whole record test. In doing so, the trial judge reviews the Clerk's findings and may either affirm, reverse, or modify them. If there is evidence to support the findings of the Clerk, the judge must affirm. Moreover, even though the Clerk may have made an erroneous finding which is not supported by the evidence, the Clerk's order will not be disturbed if the legal conclusions upon which it is based are supported by other proper findings. In a non-jury

trial, where there are sufficient findings of fact based on competent evidence to support the trial court's conclusions of law, the judgment will not be disturbed because of other erroneous findings which do not affect the conclusions. The standard of review in this Court is the same as in the Superior Court.

*In re Estate of Pate*, 119 N.C. App. 400, 402-03, 459 S.E.2d 1, 2-3, *disc. rev. denied*, 341 N.C. 649, 462 S.E.2d 515 (1995) (internal quotations and citations omitted). "Errors of law are reviewed *de novo.*" *Overton v. Camden Cty.*, 155 N.C. App. 391, 393, 574 S.E.2d 157, 160 (2002).

### IV. N.C. Gen. Stat. § 1-301.3(b)

**[1]** Petitioners contend the trial court erred in affirming the clerk of superior court's order setting aside the reopening of the estate without the clerk entering findings of fact or conclusions of law required by N.C. Gen. Stat. § 1-301.3(b). We disagree.

N.C. Gen. Stat. § 1-301.3(b) states, "[T]he clerk shall determine all issues of fact and law. The clerk shall enter an order or judgment, *as appropriate*, containing findings of fact and conclusions of law supporting the order or judgment." (Emphasis supplied). "The trial court need not recite in its order every evidentiary fact presented at hearing, but *only must make specific findings on the ultimate facts . . .* that are determinative of the questions raised in the action and essential to support the conclusions of law reached." *Mitchell v. Lowery*, 90 N.C. App. 177, 184, 368 S.E.2d 7, 11, *disc. rev. denied*, 323 N.C. 365, 373 S.E.2d 547 (1988) (emphasis supplied). "Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense." *Woodard v. Mordecai*, 234 N.C. 463, 470, 67 S.E.2d 639, 644 (1951).

The clerk's order entered on 16 June 2005 made a specific finding on the ultimate fact at issue. Petitioners asserted only one ground to reopen testator's estate under N.C. Gen. Stat. § 28A-23-5, "Necessary act(s) remain(s) unperformed by the Personal Representative." The assistant clerk found that "[n]ecessary act(s) remain unperformed by the Personal Representative" and initially reopened testator's estate. The ultimate fact before the clerk was whether testator's estate would remain closed.

The clerk's order on 16 June 2005 made a specific finding on this ultimate fact by stating, the order "reopening the subject estate was improvidently and inappropriately entered, and that the same should

be and is therefore set aside . . . and the estate shall remain closed." The clerk's order complied with the requirements of N.C. Gen. Stat. § 1-301.3(b).

### V. Reopening the Estate

[2] Petitioners also assert the superior court erred in affirming the clerk of superior court's order that set aside the reopening of the Estate. Petitioner argues the evidence presented and Chapter 28A of the North Carolina General Statute require reopening the estate because: (1) there was a pending claim when the clerk closed the Estate; (2) petitioner was entitled to personal notice; and (3) the superior court's conclusion that only monetary claims pending against and owed by the Estate are entitled to personal notice is contrary to the law.

### A. Pending Claims

Petitioners contend the clerk closed the Estate when a claim was pending. Petitioners filed an Affidavit of Claim on 8 June 2005 after the assistant clerk reopened the estate on 5 May 2005 and before the clerk set aside the reopening of testator's estate on 16 June 2005. The clerk's order that set aside the reopening of the Estate and the trial court's order that affirmed the clerk's order did not address petitioners' 8 June 2005 claim. Petitioners argue the 8 June 2005 claim is entitled to the same procedures as a claim filed in the original administration pursuant to N.C. Gen. Stat. § 28A-23-5. We disagree.

N.C. Gen. Stat. § 28A-19-3 (2005) states, "All claims against a decedent's estate . . . which are not presented . . . by the date specified in the general notice . . . are forever barred against the estate . . . ." N.C. Gen. Stat. § 28A-23-5 states, in relevant part, "no claim which is already barred can be asserted in the reopened administration."

A Notice to Creditors was published in the *Hickory Daily Record* demanding any creditors of testator's estate submit their claims on or before 18 September 2004. Petitioners did not file a claim against the Estate with the executrix on or before 18 September 2004 or at any time prior to the closing of the Estate. "[N]o claim which is already barred can be asserted in the reopened administration." N.C. Gen. Stat. § 28A-23-5. Petitioners' claim was "forever barred against the estate." N.C. Gen. Stat. § 28A-19-3. This assignment of error is overruled.

**IN RE ESTATE OF MULLINS**

[182 N.C. App. 667 (2007)]

### B.  Personal Notice

Petitioners also argue they were entitled to personal notice pursuant to N.C. Gen. Stat. § 28A-14-1(b) because respondent had knowledge of petitioners' claim against testator's estate. We disagree.

N.C. Gen. Stat. § 28A-14-1(b) mandates, "[E]very personal representative and collector shall personally deliver . . . to all persons, firms, and corporations having unsatisfied claims against the decedent who are actually known or can be reasonably ascertained by the personal representative or collector within 75 days after the granting of letters."

Petitioners argue respondent had knowledge of unsatisfied claims asserted against testator and testator's estate by: (1) petitioners' lawsuit against testator in 2000; (2) the tolling agreement entered into by testator, respondent, and petitioners; (3) petitioners' attorney allegedly telling respondent and testator on 12 May 2004 that they would be sued for SHM paying cash bonuses to testator without board approval; (4) petitioners' demand letter sent 21 May 2004; (5) petitioners' declaratory judgment action filed on 26 May 2004 against testator, respondent, and the children; (6) petitioners informing Attorney Vinroot that they would delay serving the 26 May 2004 lawsuit; and (7) petitioners' settlement discussions with Attorney Vinroot in late 2004.

The record is clear that respondent did not have knowledge of any unsatisfied claim against testator or the Estate. Petitioners had settled and dismissed their December 2000 lawsuit against testator without prejudice. Petitioners never served the 26 May 2004 lawsuit. Nothing in the record indicates petitioners filed a claim against the Estate prior to its closing on 12 January 2005. Nothing in the record before us indicates respondent was on notice of any "unsatisfied claim" by petitioners. N.C. Gen. Stat. § 28A-14-1(b). Petitioners were not entitled to personal notice under N.C. Gen. Stat. § 28A-14-1(b). This assignment of error is overruled.

### C.  Nature of Petitioners' Claims

Petitioners contend the superior court's conclusion that only monetary claims pending against and owed by the Estate are entitled to personal notice is contrary to the law. Petitioners argue the superior court erred by limiting statutorily required personal notice to purely monetary claims. We disagree.

**IN RE ESTATE OF MULLINS**

[182 N.C. App. 667 (2007)]

The superior court did not conclude as a matter of law that petitioners were entitled to personal notice only if their claim was monetary. The superior court's conclusion of law states: "At the time [testator's] estate was closed on January 12, 2005, [petitioners] had not filed any claims against the Estate and no claims existed that could be administered by the Estate, *i.e.*, no monetary claims against the Estate had been asserted."

Petitioners have failed to argue or show the superior court limited personal notice from respondent to solely monetary claimants. This assignment of error is overruled.

### VI. Conclusion

The clerk's order complied with the requirements of N.C. Gen. Stat. § 1-301.3(b). The clerk of superior court's order properly set aside the assistant clerk's order reopening of the Estate. Petitioners have failed to show they were entitled to personal notice pursuant to N.C. Gen. Stat. § 28A-14-1(b) or the trial court limited personal notice from respondent to solely monetary claims. The trial court's order is affirmed.

Affirmed.

Judge ELMORE concurs.

Judge GEER concurs in the result only by separate opinion.

GEER, Judge, concurring in the result.

Contrary to the majority opinion, I am not convinced that the Clerk of Court made sufficient findings of fact in re-closing the estate. Nevertheless, for the reasons stated in my concurrence in the companion case, *Geitner v. Mullins*, 182 N.C. App. 585, 643 S.E.2d 435 (2007), I believe that plaintiffs have no viable claim against the estate and, therefore, any error by the Clerk was not prejudicial.

In plaintiffs' Affidavit of Claim Against the Decedent, they assert:

The Geitners have an action pending in Catawba County and styled as Diane Geitner, *individually and derivatively on behalf of Southern Hoisery [sic] Mills, Inc., and Jacques Geitner, individually and derivatively on behalf of Southern Hosiery Mills, Inc. v. Martha Mullins, Virginia Shehan, Peter Menzies, Martha Mullins as Administratrix of the Estate of Philip A. Mullins III and Southern Hosiery Mills, Inc., 04 CvS 1632* (the "Action"). The

Action brings both a derivative claim on behalf of Southern Hosiery Mills, Inc. and a declaratory judgment claim against the Estate of Philip A. Mullins. Judgment in favor of the Geitners would result in the Estate of Philip A. Mullins having to return substantial funds to Southern Hosiery Mills, Inc.

· The Affidavit contains no basis for a claim against the estate other than the declaratory judgment and shareholder derivative action. Because I would affirm the trial court's grant of summary judgment as to both of the claims, plaintiffs are left with no claim against the estate. Accordingly, they are not harmed by the Clerk's order re-closing the estate. Alternatively, the appeal from that order is moot.